**Hubert L. MICHAEL, Appellant**

v.

**Martin HORN, Commissioner, Pennsylvania Department of Corrections; David Diguglielmo,\* Superintendent of the State Correctional Institution at Graterford; Joseph P. Mazurkiewicz, Superintendent of the State Correctional Institution at Rockview.**

No. 04–9002.

United States Court of Appeals, Third Circuit.

Argued June 23, 2011.

Opinion Filed Aug. 10, 2011.

Ronald C. Travis, Esquire (Argued), Rieders, Travis, Humphrey, Harris, Waters & Waffenschmidt, Williamsport, PA, for Appellant.

William H. Ryan, Jr., Acting Attorney General, Richard A. Sheetz, Jr., Executive Deputy Attorney General, Director, Criminal Law Division, Amy Zapp (Argued), Chief Deputy Attorney General, Jonelle H. Eshbach, Esquire, Office of Attorney General, Special Litigation Division, Harrisburg, PA, for Appellees.

Before: AMBRO, GREENBERG, and NYGAARD, Circuit Judges.

OPINION

PER CURIAM.

Hubert Michael appeals the District Court's order dismissing his petition filed pursuant to 28 U.S.C. § 2254. For the reasons below, we will affirm.

*Background*

The procedural history and factual background of this case are well known to the parties, set forth in our prior opinion, *Michael v. Horn*, 459 F.3d 411 (3d Cir.2006), and need not be discussed at length. In 1994, Michael pleaded guilty to first-de-

\* (Amended—See Clerk's Order dated 1/6/05).

gree murder and kidnapping. Based on his subsequent stipulation that there were two aggravating factors and no mitigating factors, the trial court imposed the death penalty. On the automatic direct appeal to the Supreme Court of Pennsylvania, Michael asked that the conviction and sentence be affirmed. The Court did so after conducting an independent review of the sufficiency of the evidence. *Commonwealth v. Michael*, 544 Pa. 105, 674 A.2d 1044 (1996). In 1996, Michael authorized the filing of a petition under Pennsylvania's Post Conviction Relief Act (PCRA). Michael's then-counsel, the Capital Habeas Corpus Unit (CHCU), filed for a stay of execution in the District Court. The District Court granted the stay and suspended the federal action pending the PCRA proceedings.

In January 2001, after his PCRA proceedings were completed, *see Commonwealth v. Michael*, 562 Pa. 356, 755 A.2d 1274 (2000), Michael sought to terminate his federal habeas proceedings. The CHCU argued that he was not competent to do so. The District Court appointed a psychiatrist, Dr. Wettstein, to evaluate Michael's competency and another attorney, Joseph Cosgrove, to represent Michael due to the potential conflict of interest with the CHCU. After holding an evidentiary hearing and conducting a colloquy with Michael regarding his waiver, the District Court found Michael competent. In a March 10, 2004, order, the District Court dismissed the petition and dismissed both Cosgrove and the CHCU as Michael's counsel. On April 8, 2004, the CHCU filed a notice of appeal on Michael's behalf.

On April 14, 2004, Michael submitted a letter to this Court in which he indicated that he did not wish to proceed with the appeal. The Commonwealth then filed a motion to dismiss the appeal. We issued an order granting the motion to dismiss but withholding judgment for ten days to give Michael an opportunity to decide whether he wished to proceed. On May 5, 2004, Michael stated that he wished to proceed with the appeal. After oral argument, we granted a certificate of appealability on the issue of whether the District Court violated 21 U.S.C. § 848(q)(4)(B) [1] in dismissing Michael's counsel, and if so, whether the error was harmless.

After Michael vacillated on whether to proceed with the appeal, Dr. Wettstein opined that further evaluation of Michael might be necessary. In August 2006, we remanded the matter to the District Court for another competency determination. We did not rule on the Commonwealth's motion to dismiss or the § 848(q)(4)(B) issue. We instructed the District Court that, if it found Michael competent, it should ask him: "Do you wish the Court of Appeals to dismiss the appeal taken in your name from the order entered in this Court dismissing the habeas corpus petition filed in your case?" *Michael*, 459 F.3d at 420–21.

After reevaluating Michael, Dr. Wettstein concluded that Michael had "the mental capacity to understand the choice between life and death and can make a knowing and intelligent decision to pursue his further legal remedies." At a video conference with the District Court, Michael answered "no" in response to the question of whether he wished for us to dismiss his appeal. On December 11, 2007, the District Court found Michael to be competent and referred the matter back to us.

*The Commonwealth's motion to dismiss*

In its April 2004 motion to dismiss, the Commonwealth argued that the appeal

---

1. Section 848(q)(4)(B) has since been recodified without substantive change at 18 U.S.C. § 3599(a)(2). We will refer to the statute using its former designation.

should be dismissed because (1) Michael opposed it; (2) the CHCU was not authorized to file it; and (3) a certificate of appealability had not been granted. Because Michael wishes to litigate his appeal and we have granted a certificate of appealability, the grounds relied on by the Commonwealth in its motion no longer support the dismissal of the appeal. Accordingly, we will deny the Commonwealth's motion to dismiss.

### Standing

The Commonwealth argues that Michael lacks standing because he received all the relief he requested in the District Court, and therefore he is not an aggrieved party. *See In re Cendant Corp. PRIDES Litigation*, 243 F.3d 722, 727 (3d Cir.2001). Michael argues that he has a stake in the appeal because he would like to live and have federal habeas review of his claims. We agree that Michael has standing. We have jurisdiction under 28 U.S.C. § 1291 and exercise de novo review of the District Court's legal conclusions. *Williams v. Beard*, 637 F.3d 195, 204 (3d Cir.2011).

### Whether the District Court violated 21 U.S.C. § 848(q)(4)(B)

Michael argues that the District Court violated former 21 U.S.C. § 848(q)(4)(B) when it removed Cosgrove as his attorney because this left him without counsel. Section 848(q)(4)(B) provided that:

In any post conviction proceeding under section 2254 or 2255 of Title 28, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of

such other services in accordance with paragraphs (5), (6), (7), (8), and (9).

Paragraph 8 provided that:[2]

Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

21 U.S.C. § 848(q)(8).

Michael contends that his statutory right to counsel continued after the voluntary dismissal of his § 2254 petition because he could have filed a motion under Fed.R.Civ.P. 59(e) for ten days following the District Court's order; thus, there was an "available judicial proceeding[ ]." However, we need not address the scope of § 848(q)(4)(B) or determine whether the District Court violated the statute because we conclude that any error was harmless.

### Whether harmless error applies

Michael argues that the violation of § 848(q)(4)(B) should not be considered harmless because it involved the denial of counsel at a "critical stage." *See United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). As Michael has no constitutional right to counsel during post-collateral proceedings, *see Pennsylvania v. Finley*, 481 U.S. 551, 555, 107

---

**2.** The remaining referenced paragraphs describe the necessary qualifications of appoint-ed counsel and provide for additional investigative and expert services.

S.Ct. 1990, 95 L.Ed.2d 539 (1987), it is unlikely that *Cronic* applies in federal habeas proceedings. Even if *Cronic* did apply, Michael was not denied counsel at a critical stage such that prejudice should be presumed. "A presumption of prejudice applies only in cases where the denial of counsel would necessarily undermine the reliability of the entire criminal proceeding." *Ditch v. Grace,* 479 F.3d 249, 256 (3d Cir.2007).

Here, Michael was without counsel during the time that he could have filed a Rule 59(e) motion from the voluntary dismissal of his § 2254 petition. Michael argues that the denial of counsel during this time "pervaded the entire postjudgment proceedings." However, to the extent the *Ditch* analysis applies here, Michael's being without counsel for the time during which he could have filed a Rule 59(e) motion does not undermine the reliability of the entire proceeding, i.e., the District Court's determination of competency and Michael's waiver. Thus, we will not presume prejudice.[3]

*Whether any error was harmless*

Michael suggests that the Court use the harmless error standard from *Brecht v. Abrahamson,* 507 U.S. 619, 640–41, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1992): that we must be confident that the error did not affect the proceedings. This standard is normally used by a federal habeas court to determine the effect of a state court trial error on the outcome of state court criminal proceedings. Here, we are reviewing a purported error by the District Court regarding the application of a federal statute in federal habeas proceedings. However, even under the *Brecht* standard suggested by Michael, we are confident that any § 848(q)(4)(B) error did not affect the outcome of the District Court proceedings.

Michael contends that he was prejudiced because he was without counsel during the time he could have changed his mind and filed a Rule 59(e) motion. However, there is nothing in the record to indicate that Michael changed his mind about withdrawing his petition during the time he had to file a Rule 59(e) motion. He did not communicate with the District Court within ten days of its March 10, 2004, order.[4] Michael does not argue that he did, in fact, change his mind during that period of time or needed the advice of counsel. To the contrary, after the CHCU filed a notice of appeal on Michael's behalf, he submitted a letter we received on April 14, 2004, in which he indicated that a death warrant had been signed and he did not wish to appeal his sentence. He asked that we not recognize any petitions filed by the CHCU or any other individual. Thus, even thirty-five days after the District Court's order, when the time to file a Rule 59(e) motion had passed, Michael had not changed his mind. It was not until May 5, 2004, in response to our order, that Michael indicated a desire to proceed with his habeas petition.

Michael points to his history of vacillation and his rapport with Cosgrove as support for the argument that he might have asked Cosgrove to file a Rule 59(e) motion had he not been dismissed as counsel.

---

**3.** Michael also argues that harmless error should not apply because Cosgrove was the first attorney with whom he established a rapport. Therefore, he contends, he was denied his choice of counsel and need not show prejudice. Cases addressing the denial of choice of counsel are not applicable here.

The District Court did not deny any request by Michael to have Cosgrove as his attorney.

**4.** Michael has shown beyond question during the course of his post-conviction and habeas proceedings that he is capable of communicating his wishes to the courts.

However, during the three years the matter was before the District Court, including eighteen months after the evidentiary hearing and colloquy, Michael never vacillated. Before May 2004, the last time he sought merits review of any of his claims was in the state courts in February 1999.[5]

As for his rapport with Cosgrove, we note that even after Cosgrove's appointment in July 2002, Michael continued to request that there be no further appeals of his death sentence. At no time between Cosgrove's appointment and the District Court's March 2004 order did Michael indicate that he wished to proceed on the merits of his habeas petition. In *pro se* letters to the District Court, Michael indicated that he did not want any counsel representing him. On March 10, 2003, several months after Cosgrove had been appointed, Michael wrote to the District Court: "I am once again writing you to let you know that I am one-hundred percent mentally competent. I wish for no further representation from [CHCU] or any other attorneys. I wish for no further appeals regarding my sentence of death. I can't state it any clearer than this." On April 21, 2003, he repeated the above wishes: "I wish for no appeals regarding my sentence of death. I also wish for no legal assistance from any attorneys. Any attorney, now claiming to represent my best interests, I would like dismissed by the courts. I also ask the courts not to recognize any next-of-kin, next-of-friend, petition that may possibly be filed by any attorney, organization, etc., upon my death warrant being signed." Michael expressed these wishes again in a letter received by the District Court on May 30, 2003. In letters received on September 18, 2003, and Feb-

ruary 19, 2004, Michael repeated his belief that he was competent. On March 10, 2004, the District Court dismissed the petition, and dismissed both Cosgrove and the CHCU as Michael's attorneys.

Because there is nothing to indicate that Michael changed his mind during the time he had to file a Rule 59(e) motion and his April 14, 2004, letter indicates that he had, in fact, not changed his mind, we conclude that any violation of former 21 U.S.C. § 848(q)(4)(B) was harmless. Accordingly, we will affirm the District Court's order.[6] The Commonwealth's motion to dismiss the appeal is denied. Michael's motion to stay the appeal is denied. Michael has not shown that the Supreme Court's disposition of *Martel v. Clair*, —— U.S. ——, 131 S.Ct. 3064, 180 L.Ed.2d 885 (2011), will be relevant to his appeal.

---

5. At the District Court hearing, Michael explained that he sought merits review in the state court because he believed it would speed up the process.

6. Because we have found no grounds for vacating the District Court's order, we decline Michael's suggestion that we remand the matter for review of the merits of his petition.